EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Alicia Reynolds<br>8823 Howland Place<br>Bristow, VA 20136 | From: | Washington Field Office<br>131 M Street, N.E.<br>Suite 4NW02F<br>Washington, DC 20507 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 10D-2016-00101 | David Gonzalez,<br>State & Local Coordinator | (202) 419-0714 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Mindy G. Weinstein_ (signature)

Mindy E. Weinstein,
Acting Director

**FEB 0 4 2019**
(Date Mailed)

Enclosures(s)

cc:
Richard Addi, President & CEO
EXO STAR LLC
13241 Woodland Park Road, Suite 400
Herndon, VA 20171

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – not 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***



# County of Fairfax, Virginia

To protect and enrich the quality of life for the people, neighborhoods and diverse communities of Fairfax County

HRC #  2016056E
EEOC #  10D201600101C

**COMPLAINANT:**

NAME: Ms. Alicia Reynolds                                   PHONE: (H) 571-969-0848
ADDRESS: 12921 Lyme Bay Drive
CITY: Herndon             STATE: Virginia                   ZIP: 20171

**RESPONDENT:**

NAME: EXO Star LLC                                          PHONE: (703) 793-7800
ADDRESS: 13241 Woodland Park Rd
CITY: Herndon             STATE: Virginia                   ZIP: 20171

**CLASSIFICATION OF COMPLAINT:**

| ISSUE | BASIS | |
|---|---|---|
| ☐ Credit Facilities | ☐ Age (Over 40) | ☒ Sex |
| ☐ Education | ☐ Color | ☒ Race |
| ☒ Employment | ☐ Marital Status | ☐ Disability |
| ☐ Housing | ☐ Religion | ☐ Familial Status |
| ☐ Public Accommodations | ☒ National Origin | ☐ Other |
| | ☒ Retaliation | |

Please state the nature of your complaint:

I am a White female from the United States and I have been employed by the respondent as an Onboarding Specialist since March 12, 2012. I believe I have been subjected to discriminatory terms, conditions, or privileges of employment (failure to promote) based on my national origin, race and/or sex. In addition, I believe I am being subjected to retaliation based on engaging in EEO protected activity for the following reasons:

1.   In or around June of 2015, I applied for a Junior Quality Assurance job position. On June 4, 2015, I interviewed with Ms. Fiza Beg, (East Indian Asian female) Former Security Quality Assurance Manager, and she told me that they would not promote me because of a new requirement they were seeking for the position. The new requirement was experience with the XML protocol. Within a couple of weeks after my interview, I received the XML training, and approached Ms. Beg, about the Junior Quality Assurance position, but she kept saying

Office of Human Rights and Equity Programs
12000 Government Center Parkway, Suite 318
Fairfax, Virginia 22035-0093
Phone: (703) 324-2953, TTY 711 ♦ Fax: (703) 324-3570
www.fairfaxcounty.gov/ohrep/

**COMPLAINANT:**   <u>Ms. Alicia Reynolds</u>
Page 2

that there were "new requirements" that needed to be fulfilled for that position; and it had to be filled by the right candidate. The requirement of having XML protocol was not listed in the job description or the job announcement. This job positon was filled for a few days with an individual whose race and sex are Indian female. Around the aforementioned time frame, Ms. Nan Zaman, (East Indian Asian female) Quality Assurance Tester/Engineer, told me that I would not get promoted to a job within the Security Quality Assurance department because I am "not an Indian female." I believe the respondent failed to promote me based on my national origin, race and/or sex.

2. In early March 2016, I was told by Ms. Magnusen, that another Junior Quality Assurance job positon was open. I sent my resume to her so that I could be considered this job positon. On March 15, 2016, I interviewed with Mr. Jeff Ridderhoff, (United States White male), Manager. During the interview with Mr. Ridderhoff, he told me that I was not qualified for the job positon because I did not have automation experience; and they were looking for someone who had experience with automation as a skill requirement. I do not have experience with automation. However, the requirement of having automation as a skill requirement was not listed in the job description, nor did Ms. Magnusen state that it was a job requirement before or after the interview. This position was filled by an East Indian Asian female. I believe that the respondent continuously failed to promote me to the cited job positions because of my national origin, race and/or sex.

3. I engaged in EEO protected activity when I filed internal discrimination complaints (failure to promote me because of my race and/or sex) with Ms. Amy Singh, former Human Resources Director, in or around June 2015. On May 18, 2016, Venencia Magnusen, the current Human Resources Director, (East Indian Asian female), told me that my complaint must have "fallen through the cracks." I believe the respondent failed to investigate my complaints of discrimination in because of my national origin, race and/or sex.

4. On May 18, 2016, I filed a subsequent complaint and I included the 2015 discrimination complaint and the March 15, 2016, denial of a job promotion. I believe I was subjected to retaliation based on engaging in the above mentioned protected EEO activity. On May 18, 2016, I had a meeting with Ms. Magnusen, Mr. Tom Johnson, Senior Director of Product Management, (United States White male) and Mr. Ridderhoff. During this meeting, I was told that I was not qualified for the above mentioned job positions that I sought (which is not true). In addition, Ms. Mangnusen told me that my discrimination complaints were closed, even though my complaints were never investigated. I believe that the respondent retaliated against me for engaging in protected EEO activity when during the aforementioned meeting I was told that I would not be considered for the Junior Quality Assurance job positon, and the respondent closed my discrimination complaints without conducting an investigation.

5. On June 15, 2016, immediately after I had a meeting with the OHREP in regards to my discrimination complaint, I was written up by Mr. Mike Sphar, Director of the Call Center, (United States White male) for allegedly making a minor mistake ("improper Submission of a

**COMPLAINANT:** <u>Ms. Alicia Reynolds</u>
Page 3

> Time Sheet"). I have never been written up by the respondent or received any other disciplinary actions, for any minor mistakes, prior to this incident. I am not aware of Mr. Sphar writing up any other employees for a minor mistake on their Time Sheet. Mr. Sphar is a management employee, and I believe that he is aware that I filed the above mentioned discrimination complaints. I believe that I received the above mentioned disciplinary action in retaliation for engaging in EEO protected activity.

6. On June 24, 2016, I met with Ms. Magnusen, Mr. Spear, and Mr. Eric Sorenson, Vice President of Operations. During this meeting, Mr. Sphar and Ms. Magnusen told me that I was terminated because "I am no longer a good fit." I believe that I was terminated in retaliation for engaging in EEO protected activity.

**The complaint is not perfected until approved by OHREP management to satisfy all jurisdictional elements and states a complaint upon which relief can be granted. You will be notified as to the status of your complaint within 7 days.**

**IF INTERPRETER IS PROVIDED <u>BY OHREP</u>:**

I agree that I have been read the contents of this complaint in the language of my choice and understand the English version of the complaint. I swear or affirm that I have read the above charge and that it is true and complete to the best of my knowledge, information, or belief.

_____
Signature of Complainant

I swear or affirm that I have read the above charge and that it is true and complete to the best of my knowledge, information, or belief.

*[Signature: Alicia A. Reynolds]*
(Signature of Complainant)

Date received by
Office of Human Rights
& Equity Programs

[Stamp: RECEIVED / Office of Human Rights & Equity Programs / JUN 0 6 2016]

Alicia Reynolds sp .com